
RECEIVED

JAN 2 3 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA

versus                          CRIMINAL NO. 06-50112-02
                                              JUDGE TOM STAGG

KYLE MAYS

---

## MEMORANDUM RULING

Before the court is a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 filed by Kyle Mays ("Mays"). See Record Document 189. Based on the following, Mays's motion is **DENIED**.

### I. BACKGROUND

The presentence report indicates that on October 28, 2005, Drug Enforcement Administration ("DEA") Task Force and other local law enforcement agents interviewed Mays while he was incarcerated at Bayou Dorcheat Correctional Center near Minden, Louisiana.[1] Mays said he became involved in the distribution of

---

[1] According to the presentence report, on April 5, 2005, Mays had pleaded guilty to possession with intent to distribute marijuana in the Second Judicial District Court in Arcadia, Louisiana, and had been placed on probation for three years. On December 7, 2005, his probation was revoked and the original sentence of five years

methamphetamine around November of 2004, after he had acquired co-defendant Ruben Wilson's ("Wilson") phone number. Mays said he bought four ounces of methamphetamine for $4,000 after he took a bus from Shreveport, Louisiana to Dallas, Texas. Wilson picked Mays up at the bus station in Dallas and they went to an unknown male's apartment and Mays bought the methamphetamine. Mays returned to the Ringgold, Louisiana, area and distributed the methamphetamine. A couple of weeks later, Mays made another trip to Dallas and bought one-half pound of methamphetamine for $5,000 from Wilson. Mays returned to Ringgold and distributed the methamphetamine. Mays also informed officers that in late 2004, he met Wilson in Bossier City, Louisiana, at a local casino to buy one kilogram of cocaine and to possibly buy one-half pound of methamphetamine. However, Wilson had already sold the methamphetamine and Mays only bought the cocaine. Mays said he bought the one kilogram of cocaine and split it with another co-defendant. Mays took his half of the cocaine back to Ringgold. Mays continued to buy methamphetamine from others, but he was unable to recall the exact amounts.

On June 28, 2006, a federal grand jury returned an indictment against five individuals including Mays with two counts of drug charges. See Record Document 1. Mays was named only in count one, which charged him with conspiracy to

---

of hard labor was imposed.

distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Mays subsequently pleaded guilty to count one on September 21, 2006. See Record Document 83. He was then sentenced to a term of imprisonment of seventy-two months. See Record Document 172. In the judgment, the court specifically noted: "The court only authorizes credit for time served only for his time in federal custody." Id. at 2. On September 8, 2008, Mays submitted a motion/request for information regarding credit for time served. See Record Document 186. Thereafter, on September 22, 2008, the court issued a minute entry clarifying that "[a]t the time of sentencing . . ., the court intended that the defendant, Kyle Mays, be given credit for time served from the date of his initial appearance in federal court (July 17, 2006)." Record Document 188. On September 22, 2008, Mays filed the instant motion, pro se. See Record Document 189.

## II. LAW AND ANALYSIS

### A. Ineffective Assistance Of Counsel At Sentencing.

Mays alleges that his counsel: (1) "failed to object to the presentence report regarding my prior jail credit," (2) "failed to advised [sic] the court on the application of [United States Sentencing Guideline] § 5G1.3," and (3) "failed to argued [sic] for a concurrent term to my undischarged term." Record Document 189 at 5. To prevail on

3

a claim of ineffective assistance of counsel, Mays must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court must presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Mays may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of Strickland, Mays must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. To satisfy the prejudicial prong of the Strickland test in the context of a non-capital sentencing proceeding, Mays must establish that he would have received less time in prison. See United States v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004). If

4

Mays fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

Here, Mays is unable to meet the second prong of Strickland because he failed to prove prejudice by demonstrating a reasonable probability that the result would have been different had his counsel taken the actions about which he complains. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Mays's allegations regarding ineffective assistance of counsel at sentencing are all based on an issue that has since been resolved. The Bureau of Prisons had not given him credit for time served since he appeared in federal court on July 17, 2006. This court stated in its judgment that Mays was authorized "credit for time served only for his time in federal custody." Record Document 172 at 2. The court then designated July 17, 2006, as the date on which Mays was to begin receiving credit for time served. See Record Document 188. Thus, any claims concerning credit for time served and Mays's attorney's performance as to that issue have been rendered moot. Accordingly, Mays's contention that his counsel was ineffective in the sentencing process fails.

**B. Ineffective Assistance Of Counsel In The Appellate Process.**

Mays also claims that his counsel was ineffective for failing to appeal his sentence. Mays asserts simply that his counsel "failed to filed [sic] a notice of appeal." Record Document 189 at 5. In Roe v. Flores-Ortega, 528 U.S. 470, 120

S. Ct. 1029 (2000), the United States Supreme Court addressed the appropriate framework for judging an ineffective assistance of counsel claim predicated on counsel's failure to file a notice of appeal. The Court rejected the per se rule that "counsel must file a notice of appeal unless the defendant specifically instructs otherwise," as this rule was "inconsistent with Strickland's holding that the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 478, 120 S. Ct. at 1035. The Court elaborated, stating:

> If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

Id.

Mays was fully informed of the availability of an appeal by virtue of the Rule 11 colloquy provided by this court. There is simply no evidence that Mays's counsel performed in a professionally unreasonable manner, as nowhere does Mays allege that he ever *instructed* his counsel to file an appeal. Thus, there is *no* evidence that defense counsel failed to follow his direct instructions to file a notice of appeal. See Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted) (explaining that absent evidence in the record, a court cannot consider a

habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative value and that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding). A copy of correspondence between Mays's counsel and the United States Attorney's Office also contradicts his version of the facts. The letter provides, in pertinent part:

> It is my memory that after sentencing I communicated to Kyle Mays that he received a great deal on sentencing, that as the Judge told him he did have a right to appeal the sentence but I did not think the Appellate Court would lower the sentence. It is my memory that Mr. Mays did not request me to file an appeal. It is further my memory that I told him if he wanted to file an appeal he needed to contact me within ten days and that I would file the Notice of Appeal. It is my memory that I did not receive any written or verbal contact from him requesting an appeal.

Record Document 192, Ex. A. Accordingly, Mays's claim that his counsel was deficient in failing to file a notice of appeal on his behalf fails.[2]

---

[2] Mays also claims that counsel was ineffective on appeal because he "failed to preserve the issues for appeal" and "failed to perfect the record on appeal." Record Document 189 at 5. These mere allegations, without further support of any kind, are not sufficient to support a claim of ineffective assistance of counsel.

## III. CONCLUSION

For the above cited reasons, Mays's section 2255 motion is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 23rd day of January, 2009.

_____
JUDGE TOM STAGG